IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TFG-NORTH CAROLINA, L.P. a Utah limited partnership,<br><br>                    Plaintiff,<br><br>v.<br><br>PERFORMANCE FIBERS, INC., A Delaware corporation, and PERFORMANCE FIBERS HOLDINGS, INC., a Delaware corporation,<br><br><br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS/COUNTERCLAIM-PLAINTIFFS' JURY DEMAND**<br><br>Case No.  2:08 CV 942 TC DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiff's Motion to Strike the Jury Demand[1] stated in Defendant's counterclaim is before this court.  For the reasons set forth below, Plaintiff's Motion to Strike is GRANTED.

### BACKGROUND

In the fall of 2005, Performance Fibers, Inc. (PF) sought financing to support its business operations.[2]  PF was introduced to TFG-North Carolina, L.P. (TFG) and negotiations began.[3] On January 11, 2006 David Field of PF signed a letter of intent.[4]  After more negotiations, parties entered into the "Master Lease Agreement" on August 7, 2006.[5]  The Master Lease Agreement contains the language "Lessor and Lessee hereby waive the right to trial by jury of any matters arising out of the lease or equipment or the conduct of the relationship between

---

[1] Docket no. 14, filed March 23, 2009.

[2] Memorandum in Opposition to Motion to Strike Defendants/Counterclaim-Plaintiffs' Jury Demand (Opposition), at 3, docket no. 21, filed April 10, 2009

[3] *Id.*

[4] Letter of Intent, attached as Exhibit A to Amended Complaint, docket no. 3, filed December 10, 2008.

[5] Memorandum in Support of Motion to Strike Defendants/Counterclaim-Plaintiffs' Jury Demand (Supporting Memo) at 6, docket no. 15, filed March 23, 2009.

Lessor and Lessee."[6]  This language is capitalized and in bold print.[7]  PF also signed a Guaranty containing similar language waiving the right to a trial by jury.[8]  The language is capitalized and in bold print.[9]  Counsel from Morgan, Lewis & Bockius, LLP represented PF during negotiations.[10]  Various terms in the agreement were changed or removed during negotiations.[11]

TFG argues that the jury waiver contained in the Master Lease Agreement and the Guaranty is unambiguous and conspicuous.[12]  Furthermore, TFG argues that PF is a sophisticated commercial entity capable of negotiating favorable terms in a contract.[13]  PF argues that the Master Lease Agreement and the Guaranty are unenforceable and void for failure of consideration.[14]  Because PF claims that its agreements with TFG are void, PF argues that the waiver of trial by jury cannot be enforced before the validity of the agreements is established.[15]  The issue before the court is whether the waiver of trial by jury is valid when the validity of the agreements containing the waiver are in question.

## DISCUSSION

The Tenth Circuit addressed the issue of the validity of a jury waiver in *Telum, Inc. v. E.F. Hutton Credit Corp.*[16]  The court held that allegations of fraud in the inducement of a

---

[6] Master Lease Agreement (Master Lease) at 15, attached as Exhibit A to Supporting Memo.

[7] *Id.*

[8] See Guaranty at 3, attached as Exhibit B to Supporting Memo.

[9] *Id.*

[10] Reply Brief in Support of Motion to Strike Jury Demand (Reply) at 2, docket no. 23, filed April 24, 2009.

[11] *Id.* at 3.

[12] Supporting Memo at 3.

[13] Reply at 2.

[14] Opposition at 4.

[15] *Id.* at 5.

[16] *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835 (10th Cir. 1988).

contract generally are not sufficient to invalidate the waiver of trial by jury.[17] In order to invalidate a jury waiver, the alleged fraud must apply to the waiver itself.[18] The *Telum* court's reasoning followed the Supreme Court's reasoning in a case involving an arbitration provision.[19]

Generally, courts have refused to enforce jury waiver provisions only when there is a gross disparity in bargaining power or the waiver is inconspicuous.[20] Here, no facts suggest that PF was grossly disadvantaged in bargaining.[21] PF negotiated other provisions of the agreement, with the assistance of competent counsel. The waivers contained in the Master Lease and the Guaranty were capitalized and in bold print, making them conspicuous.[22]

PF's argument rests on the theory that no agreement exists between the parties. PF cites *Burden v. Check Into Cash of Ky., LLC*, from the Sixth Circuit.[23] That decision states that "a valid arbitration agreement cannot arise out of a broader contract if no broader contract ever existed."[24] The court states that a void contract, unlike a voidable contract, was never a contract at all.[25] But this reasoning is not followed in all circuits. The Fifth Circuit enforces agreements to arbitrate, even in contracts that are void from inception.[26] Further distinguishing the Sixth Circuit case, the present case does not involve an agreement to arbitrate but a waiver of the right to trial by jury. The safeguards inherent in federal civil procedure are significantly reduced in

---

[17] *Id.* at 838.

[18] *Id.*

[19] *Id. See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403-04 (1967).

[20] *Telum,* 859 F.2d at 837.

[21] Reply at 2.

[22] Master Lease at 15, Guaranty at 6.

[23] *Burden v. Check Into Cash of Ky., LLC,* 267 F.3d 483 (6th Cir. 2001).

[24] *Id.* at 488.

[25] *Id.*

[26] See *Lawrence v. Comprehensive Bus. Servs. Co.*, 833 F.2d 1159, 1162 (5th Cir. 1987).

arbitration but are still present in a bench trial.  The policy considerations in a waiver of the right to jury are much less significant than those presented in an agreement to arbitrate.

## CONCLUSION AND ORDER

The waiver of trial by jury is clear, concise, and conspicuous in two separate documents.  It was negotiated by two sophisticated commercial parties.  Enforcement of the waiver does not significantly reduce the procedural safeguards of a trial, still available to PF.

For these foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Jury Demand[27] is GRANTED.  The court STRIKES Defendant's Jury Demand.

Dated this 15 day of May, 2009.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[27] Docket no. 14.